IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CARL VISCONTI | § | |
| Plaintiff, | § | |
| v. | § | 4:10cv532 |
| BANK OF AMERICA | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (Dkt. 25). As set forth below, the Court finds that the motion to dismiss should be GRANTED in part and DENIED in part.

#### BACKGROUND

On or about July 31, 2006, Plaintiff entered into a mortgage loan agreement with Bank of America to purchase his home located at 5125 Oak Knoll Lane, Frisco, Texas ("the Property"). According to Plaintiff, sometime in 2009, although he was current on his payments, he and Defendant entered into negotiations to modify the adjustable rate mortgage and extend the length of the loan. Plaintiff alleges that Defendant sent him an offer of modification and advised him to enter into a forbearance agreement in order to trigger the loan modification. Plaintiff claims he executed a modification agreement and made payments under the modification agreement from late 2009 until August 2010. Plaintiff claims that Defendant has failed to apply his payments according to the

modification agreement and that he has been threatened with foreclosure.

On September 13, 2010, Plaintiff filed suit in the 380th Judicial District Court of Collin County, Texas, and, on October 6, 2010, Bank of America removed the suit to this Court. Plaintiff filed his First Amended Complaint in this matter on January 13, 2012. *See* Dkt. 23. It asserts the following claims against Defendant: (1) breach of contract; (2) declaratory judgment; (3) breach of duty; (4) defamation; (5) Deceptive Trade Practices Act; (6) fraud; (7) promissory estoppel; and (8) Texas Debt Collection Practices Act. On January 30, 2012, Defendant filed its motion to dismiss, seeking to dismiss all of Plaintiff's claims for failure to state a claim.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the complaint and view them in the light most favorable to the pleader. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a claimant must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)).  For a claim to have facial plausibility, a claimant must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id*. (internal quotations omitted).

## ANALYSIS

### *Breach of Contract*

Plaintiff has alleged that Defendant breached the parties' agreement by (a) failing to honor, credit and record the modification of the loan agreement internally and with the County Clerk; (b) failing to credit payments tendered in the appropriate account and instead recording them as underpayments; (c) threatening foreclosure despite Plaintiff's reliance on and compliance with the loan modification agreement; (d) refusing to correct internal records regarding Plaintiff's loan agreement to reflect the modification; and (e) failing to provide an executed copy of the modification agreement.  Dkt. 23 at ¶ 20.

Defendant argues that Plaintiff's breach of contract claim fails because he was the first to breach the alleged agreement.  Plaintiff responds that the only relevant analysis is whether Defendant

breached the loan modification agreement. The Court agrees that Plaintiff has stated a breach of contract claim.

In order to establish a breach of contract claim, Plaintiff must plead facts showing: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Patton*, No. 05-17- 01731, 2010 WL 936688, at *3 (Tex. App.– Dallas Mar. 17, 2010, pet. filed). Here, Plaintiff has alleged a written agreement to modify the terms of the loan and stated specific facts as to how Defendant purportedly failed to comply. Accepting Plaintiff's assertions as true – which the Court must do when considering a motion to dismiss – the Court finds that Plaintiff has provided sufficient factual allegations to state a claim for breach of contract. *See Iqbal*, 129 S. Ct. at 1950; *Burnette v. Wells Fargo Bank, N.A.*, 2010 WL 1026968, at *6 (E.D. Tex. 2010). The motion to dismiss the breach of contract claim should be DENIED.

### ***Breach of Duty***

Next, Defendant argues that Plaintiff's "breach of duty" claim fails because lenders have no fiduciary duties to borrowers. The Court agrees.

"Ordinarily, there is no such duty in lender/lendee relationships." *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.-San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at

*1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal quotations omitted).

Here, Plaintiff's complaint alleges that a "banking relationship existed between Plaintiffs [sic] and Defendant." Dkt. 23 at ¶31. Plaintiff's response to the motion to dismiss later argues that Defendant counsels consumers and acts as a consultant in restructuring and re-prioritizing the financial obligation and that Plaintiff had to therefore rely on Defendant's expertise in modifying the loan. Dkt. 26 at ¶32. The Court finds that Plaintiff has not alleged any that facts would constitute a "special relationship" between this Plaintiff and this Defendant, other than that of a lender and borrower – no matter how much Plaintiff relied on the lender – nor has Plaintiff pointed to any authority to support his claim that there is a duty of good faith and fair dealing in this specific mortgage context. *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, 2010 WL 3338537, at *12 (W.D. Tex. 2010). As Plaintiff concedes "no formal escrow relationship was established during their relationship," Dkt. 26 at ¶31, and the Court will not apply the fiduciary duties applicable to them as Plaintiff argues. The motion to dismiss Plaintiff's breach of duty claim should be GRANTED and this claim should be dismissed.

### ***Defamation***

Next, Defendant challenges Plaintiff's defamation claim. Defendant argues that Plaintiff's defamation claim fails because there was no publication, he suffered no pecuniary damages and, to the extent plaintiff contends he was damaged due to negative credit reporting, these claims are preempted by the Fair Credit Reporting Act ("FCRA").

In asserting defamation under Texas law, Plaintiff here must allege that Defendant: (1) published a statement; (2) that was defamatory concerning Plaintiff; (3) while acting negligently with regard to the truth of the statement. *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 595-96 (5th Cir. 2007) (citing *WFA A-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex.1998). *See also Crouch v. J.C. Penney Corp., Inc*., 564 F. Supp.2d 642, 646 (E.D. Tex. 2008). "Defamatory statements are 'published' if they are communicated orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that the third person did so understand." *Austin v. Inet Tech., Inc.*, 118 S.W.3d 491, 496 (Tex. App. – Dallas 2003, no pet.).

In his complaint, Plaintiff claims that "Defendant has issued numerous inconsistent breach notices" that Defendant made "negative credit reporting and notice," and that "[t]he statement "Notice of Default" contained on the notices are [sic] also reported to various data agencies." Dkt. 23 at ¶¶ 34, 39 and 40. With the exception of the reports made to credit agencies, Plaintiff has not stated any facts that would show that Defendant published anything regarding the foreclosure to a third party. As to the credit agencies, the Court agrees with Defendant that Plaintiff's defamation claims are explicitly preempted by the Fair Credit Reporting Act. 15 U.S.C. § 1681(e). As noted by the Fifth Circuit, "Section 1681h(e) bars a consumer from bringing any claim 'in the nature of defamation ... with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer.'" *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 470 -471 (5th Cir. 2006) (citing 15 U.S.C. § 1681h(e)). *See also* 15 U.S.C. § 1681t(b).

6

Having reviewed the complaint here, the Court finds that Plaintiff has not alleged any facts that Defendants acted with malice or willful intent to injure Plaintiff when they reported to various credit agencies. Specifically, Plaintiff's claim that the statements were "reasonably calculated to impeach the Plaintiffs' [sic] honesty, integrity, virtue, or reputation" Dkt. 23 at ¶ 40 is not only conclusory but does not state that Defendant acted with an intent to injure him in making such reports. *Cf. Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp.2d 481, 488 (N.D. Tex. 2011) (finding that specific allegations that republication of false credit information were made intentionally and with conscious indifference was sufficient to state malice for claim of defamation). Therefore, the Court finds that the motion to Plaintiff's defamation claim should be GRANTED.

### *Deceptive Trade Practices Act*

Next, Defendant argues that Plaintiff's DTPA claim is barred because he does not qualify as a "consumer" under the statute. The Court agrees.

The DTPA prohibits entities engaged in commerce from engaging in "false, misleading, or deceptive acts or practices." TEX. BUS. & COM. CODE ANN. § 17.46(a) (West 2007). To meet the DTPA standing requirement, a complaining party must plead and prove that he or she is a "consumer" as defined in the DTPA. TEX. BUS. & COM. CODE ANN. § 17.50(a); *Burnette*, 2010 WL 1026968, at *9 (citing *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.– San Antonio 1996, no writ)). To qualify as a consumer under the DTPA, (1) the person must have sought or acquired goods or services by purchase or lease and (2) the goods or services purchased or leased must form the basis of the complaint. *Id.* at § 17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981).

Thus, here, Plaintiff must have pled sufficient facts to establish his status as a consumer in order to bring claims under the DTPA. To establish consumer status under the DTPA, a plaintiff must be "an individual ... who seeks or acquires by purchase or lease, any goods or services ...." TEX. BUS. & COM. CODE § 17.45(4). Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App.– Austin 1996, no writ). However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer. *Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house).

Here, Plaintiff claims that he is a consumer because he "is an individual who acquired services by purchase." Dkt. 23 at ¶41. Plaintiff's complaint does not state any facts that would show what those services were, separate and apart from the services incidental to the loan. In response to the motion to dismiss, Plaintiff cites to *Herndon v. First Nat'l Bank,* 802 S.W.2d 396 (Tex. App. –

8

Amarillo 1991, writ denied). In *Herndon,* the court found that financial advice on when and where to obtain financing, whether to abstain from borrowing, and how to structure various financial agreements of his business operations constituted financial services for purposes of the DTPA. Plaintiff then claims that the court in *Maginn v. Norwest Mortg., Inc*., 919 S.W.2d 164, 166 (Tex. App. – Austin1996) extended the *Herdon* holding and found that, according to Plaintiff, "any services provided by a bank were, as a matter of law, incidental to the contemplated mortgage loan rather than an objective of the transaction." Dkt. 26 at ¶ 45. This is simply not the holding of *Maginn*. To the contrary, the court in *Maginn* held that because "the end and aim of [the plaintiffs'] dealings with [the bank] was to obtain a mortgage loan," the bank's "ancillary services served no purpose apart from facilitating a mortgage loan," were therefore "as a matter of law, incidental to the contemplated mortgage loan," "not an objective of the transaction" and therefore the plaintiffs "***were not*** consumers for purposes of the DTPA." *Id.* at 167 (emphasis added).

As for the financial services allegedly provided here, Plaintiff's complaint references a modification agreement and the payments made thereunder and his response to the motion to dismiss indicates the services at issue involve "an initial loan modification or forbearance agreements as well as ongoing financial arrangements made between the parties." *See* Dkt. 23 at ¶44(B) & Dkt. 26 at ¶ 45. Without any authority to the contrary, the Court finds that any modification or forbearance of Plaintiff's loan was ancillary to the loan and that his allegations are insufficient to state a claim as a consumer under the DTPA. *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one

9

who obtains a home equity loan does not obtain a "good" or a "service" to qualify as a consumer under the DTPA). The motion to dismiss his allegations under the DTPA should be GRANTED and that claim should be dismissed.

### *Fraud*

Next, the Court turns to Plaintiff's fraud claim. Plaintiff claims that "Defendant represented to plaintiff that a modification agreement would actually modify the terms of the original mortgage." Dkt. 23 at ¶45. Defendant argues that Plaintiff's fraud claim falls short of meeting the heightened pleading standards and is simply a breach of contract claim couched in the terms of a fraud claim.

To assert a claim of fraud under Texas law, a plaintiff must allege (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Morever, Federal Rule of Civil Procedure 9 requires that a party state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b).

Although not specifically enumerated in the portion of his complaint entitled "fraud," Plaintiff has sufficiently alleged false statements, his reliance on them and his alleged injuries. Plaintiff has identified and attached a September 1, 2009 letter as "an attempt at fraud and deception." Dkt 23 at ¶16. The Court finds that Plaintiff has sufficiently stated the "'who, what,

when, where, and how'" of any knowingly false statements to survive a motion to dismiss. *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *see also United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 872-73 (5th Cir. 2008). Therefore, the fraud claim should not be dismissed at this time and the motion to dismiss Plaintiff's fraud claim should be DENIED.

### *Promissory Estoppel*

In its motion, Defendant has also argued that Plaintiff's promissory estoppel claim fails because Plaintiff did not rely on the loan modification to his detriment. In Texas, promissory estoppel "is a cause of action available to a promisee who has acted to his or her detriment in reasonable reliance on an otherwise unenforceable promise." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 140 (Tex. App.– Corpus Christi 2001, no pet.). A party alleging promissory estoppel must allege: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002) (citing *English v. Fisher*, 660 S.W.2d 521, 524 (Tex. 1983)). Defendant argues that Plaintiff cannot show that he reasonably and substantially relied on Bank of America's alleged promise to modify to his detriment because the only damages he claims are diminished credit worthiness and loss of opportunity to sell or obtain other financing for his home. Defendant does not cite to any authority to support this proposition.

Moreover, the Court declines to dismiss the claim of promissory estoppel based on a failure to show anything. A motion to dismiss is not determined on proof but on allegations. Plaintiff has adequately stated a claim for promissory estoppel, in particular reliance on an alleged promise which

allegedly resulted in default on a loan, damage to credit and inability to sell Plaintiff's home. Dkt. 23 at ¶¶ 53-56. The motion to dismiss Plaintiff's promissory estoppel claim should be DENIED.

*Texas Debt Collection Practices Act*

Next, Defendant argues that Plaintiff's claim under the Texas Debt Collection Practices Act (TDCA) fails because Bank of America did not misrepresent the character, amount or extent of Plaintiff's debt. Although the subsection is not specifically referenced in Plaintiff's complaint, Section 392.304(a)(8) of the TDCA prohibits debt collectors from making fraudulent, deceptive, or misleading representations concerning "the character, extent, or amount of a consumer debt." TEX. FIN. CODE ANN. § 392.304(a)(8). Here, Plaintiff alleges that Defendant informed Plaintiff that the loan was being modified and that he made payments accordingly but is now being threatened with foreclosure. Dkt. 23 at ¶¶ 12-15. As noted above, at this phase of the proceedings, it is not for the Court to determine whether Plaintiff has proven that Defendant made the alleged misrepresentations but merely whether he has stated facts in support of his claims. The Court finds that Plaintiff has pled sufficient facts to survive dismissal of his TDCA violation claim as to Sections 392.304(a)(8). *See Iqbal*, 129 S. Ct. at 1950. The motion to dismiss Plaintiff's TDCA claims should be DENIED.

*Declaratory Judgment*

Defendant has also argued that the request for a declaratory judgment fails because there is no live controversy. Plaintiff responds that whether Defendant has a valid basis for foreclosure on Plaintiff's property is an explicitly stated function of the TDJA. TEX. CIV. PRAC. & REM.CODE § 37.004 (2010). Because the Court finds that Plaintiff has stated claims regarding the Property, the Court declines to dismiss the request for declaratory judgment at this time. The motion to dismiss

12

that claim should be DENIED.

### RECOMMENDATION

Therefore, the Court finds that Defendant Bank of America, N.A.'s Motion to Dismiss (Dkt. 25) should be GRANTED as to Plaintiff's breach of duty, defamation, and Deceptive Trade Practices Act claims and DENIED as to Plaintiff's breach of contract, fraud, promissory estoppel, and Texas Debt Collection Practices Act claims, as well as his request for declaratory judgment and those matters shall proceed herein.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 31st day of August, 2012.**

                                                                                       _____
                                                                                       DON D. BUSH
                                                                                       UNITED STATES MAGISTRATE JUDGE